UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

ARMANDO RAMIREZ

    Plaintiff,

v.

L.P. EVANS MOTORS, INC.
d/b/a AUTONATION NISSAN MIAMI

    Defendant,
_____/

## VERIFIED COMPLAINT

The Plaintiff ARMANDO RAMIREZ, by and through undersigned counsel, hereby sues Defendant L.P. EVANS MOTORS, INC. d/b/a AUTONATION NISSAN MIAMI, on the grounds set forth herein.

## INTRODUCTION

1. This is an action by Plaintiff ARMANDO RAMIREZ under the Age Discrimination in Employment Act, 29 U.S.C. 623 (ADEA), and the Florida Civil Rights Act of 1992 (FCRA), Florida Statute Section 760, to redress injury done to Plaintiff by the Defendant's discriminatory treatment based on his AGE.

## JURISDICTION AND VENUE

2. This is an action for damages brought in excess of $15,000.00 exclusive of interest, attorney's fees and costs.

3. This action is authorized and instituted pursuant to the Age Discrimination in Employment Act, 29 U.S.C. 623 (ADEA) and the Florida Civil Rights Act of 1992 (FCRA), Florida Statute Section 760.

4. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and §1343. Plaintiff invokes this Court's supplemental and pendant jurisdiction over Plaintiff's state law claims because they arise out of the same nucleus of operative facts as the federal case, and pursuant to 28 U.S.C. §§1332 and 1367.

5. The venue of this action is properly placed in the Southern District of Florida, Miami Division, pursuant to 28 U.S.C. §1391(b), since the employment practices hereafter alleged to be unlawful were committed in Miami, Dade County, within the jurisdiction of this Honorable Court.

6. The venue of this action is properly placed in the Southern District of Florida, Miami Division, pursuant to 28 U.S.C. §1391(b), since the employment practices hereafter alleged to be unlawful were committed in Miami-Dade County, within the jurisdiction of this Honorable Court.

## PARTIES

7. Plaintiff ARMANDO RAMIREZ is a resident of Miami-Dade County, who was employed by Defendant and is a member of certain protected classes of persons because of his Age. Plaintiff ARMANDO RAMIREZ consents to be a party in this action by signing this verified complaint.

8. Corporate Defendant L.P. EVANS MOTORS, INC. d/b/a AUTONATION NISSAN MIAMI (hereinafter, "L.P. EVANS MOTORS", or Defendant), is a profit

corporation authorized to conduct business in the State of Florida, in Miami-Dade County, Florida, and within the jurisdiction of this Court.

## PROCEDURAL REQUIREMENTS

9. All conditions precedent to this action has been fulfilled. On or about August 17, 2016 Plaintiff ARMANDO RAMIREZ dual-filed his Charge of Discrimination with the EEOC, and with the Florida Commission on Human Relations within 300 days of the alleged violation. To date, over six (6) months have passed since the filing of the complaints. On or about April 23, 2019, the U.S. Equal Employment Opportunity Commission issued to Plaintiff a Dismissal and Notice of Rights with respect to such charge of discrimination. *See* composite Exhibit "A."

## STATEMENT OF FACTS

10. Defendant L.P. EVANS MOTORS is a full-service automobile dealership located at 3345 SW 8th Street, Miami, Florida 33135, where Plaintiff worked.

11. On or about December 16, 1993, Defendant L.P. EVANS MOTORS, hired Plaintiff ARMANDO RAMIREZ as a Service Porter. Plaintiff worked until February 16, 2016, date in which he was fired. Plaintiff worked for Defendant a total of 22 years plus 2 months.

12. Plaintiff was a full-time employee, earning approximately the minimum wage or less.

13. Plaintiff worked for Defendants more than 22 years, throughout his employment with the Defendant, Plaintiff performed his duties in an exemplary fashion. Plaintiff possessed all the required skills, training and qualifications for the job in question, and performed his duties without significant issue or controversy.

14. Plaintiff enjoyed his work, he had good work ethics, and he always put his best effort to please customers as well as management and he always completed every task assigned to him promptly.

15. However, during his employment with Defendant, Plaintiff experienced unlawful discrimination and harassment on basis of his Age.

16. Plaintiff did not have any problem until about mid 2015 when manager Michael Moreira began to make some unwelcome comments about Plaintiff's Age.

17. Manager Michael Moreira asked Plaintiff multiple times; "When are you going to retire?", and told Plaintiff, "You are too old to work here", "You should stay at home", "It's is time for you to retire", etc., etc.

18. The frequent comments regarding Plaintiff's Age, caused Plaintiff to live with anxiety and in fear of losing his job. Plaintiff suffered from high blood pressure, and the undue stress caused by the harassment, triggered spikes in his blood pressure, Plaintiff felt sick, and he had to take additional medicine.

19. Plaintiff felt harassed, unwelcome, uncomfortable, humiliated in his place of work. Plaintiff perceived his work environment as hostile and intimidating.

20. Plaintiff felt also discriminated because of his Age, because he believed that he earned less than other younger Porters.  Plaintiff is not in possession of time and payment records, but at this moment he is in possession of 1 paystub dated 02/24/2012 which shows a wage rate of $7.50 an hour. the Florida minimum wage for that year was $7.67.  In 2012, Plaintiff should have been paid at $7.67 an hour.

21. Plaintiff could not afford to lose his job and he decided to keep quiet, he did not complain because he was afraid of precipitating his termination.

22. Therefore, Plaintiff continued working very hard without any complaint or objection and suffering the harassment and hostile working environment because of his Age.

23. On or about February 16, 2016, manager Michael Moreira called Plaintiff and told him; "Is time for you to retire, go and take care of your grandchildren".

24. Plaintiff felt devastated he could not believe that he was being fired just because of his age. Later he talked to General Manager David Rodriguez and told him about the discriminatory treatment of manager Michael Moreira.

25. General Manager David Rodriguez did not pay attention to Plaintiff's complaints and just ratified Plaintiff's firing and gave him pretextual reasons for his termination.

26. At the time of his firing Plaintiff was 80 years old, and he was the oldest Service Porter working at L.P. EVANS MOTORS, but he excelled at the performance of the essential functions assigned to him by the Defendant. The Plaintiff was qualified for the position apart from his apparent Age.

27. At that point, Plaintiff felt discriminated, humiliated, isolated, and emotionally disturbed. Plaintiff was in shock. As per Plaintiff's understanding there was not any complaint about his performance, and he could not believe that he was fired just because of his Age.

28. Upon information and believe, Defendant terminated Plaintiff, and he was replaced by a younger individual.

29. As a direct and proximate result of Defendant's actions, Plaintiff has been damaged. Plaintiff suffered serious economic losses as well as mental pain and suffering, which was detrimental to Plaintiff's health.

30. Plaintiff was fired by the Defendant, and Plaintiff's termination was directly and proximately caused by Defendant's unlawful discrimination and harassment in violation of both Federal and State Laws.

## COUNT I:
## VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967, 29 U.S.C. § 623 (ADEA): DISCRIMINATION BASED ON AGE

31. Plaintiff ARMANDO RAMIREZ re-adopts every factual allegation as stated in paragraphs 1-30 above as if set out in full herein.

32. Plaintiff is a member of a protected class under the Age Discrimination in Employment Act of 1967, 29 U.S.C. §623 (d).

33. Defendant L.P. EVANS MOTORS employed Plaintiff ARMANDO RAMIREZ as a Service Porter form on or about December 16, 1993, to February 16, 2016, or more than 22 years.

34. At all times material hereto, the Employer/Defendant L.P. EVANS MOTORS failed to comply with the Age Discrimination in Employment Act, 29 U.S.C. § 623 (a) *et seq.*, as amended, which states, "It shall be unlawful for an employer: (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age; (2) to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as

an employee, because of such individual's age; or (3) to reduce the wage rate of any employee in order to comply with this chapter."

35. The discrimination of Plaintiff by Defendant was caused by Defendant being aware of Plaintiff's age, to wit: 80 years of age at the time of his termination.

36. The discrimination of Plaintiff ARMANDO RAMIREZ by Defendant L.P. EVANS MOTORS was caused by Defendant being aware of Plaintiff's Age.

37. At all relevant times aforementioned, including the time of discrimination, Defendant was aware that Plaintiff ARMANDO RAMIREZ was 80 years old.

38. At the time of the unlawful discrimination, the Plaintiff did perform and excel at the performance of the essential functions assigned to him by the Defendant. The Plaintiff was qualified for the position apart from his apparent Age.

39. The Defendant is a sophisticated employer who has actual knowledge of the requirements of the Age Discrimination in Employment Act of 1967, as amended.

40. The failure of Defendant to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

41. Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, discriminated against Plaintiff on account of his age in violation of the Act with respect to its decision to treat Plaintiff different from other employees.

42. Plaintiff was fired by Defendant and Plaintiff's termination from employment was directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because he was 80 years old, in violation of the Act.

43. At the time of Defendant's termination of his employment, Plaintiff did perform and excel at the performance of the essential functions of his position.

44. Any alleged nondiscriminatory reason for the termination of Plaintiff's employment asserted by Defendant L.P. EVANS MOTORS is a mere pretext for the actual reasons for the termination from employment, Plaintiff's Age and complaints related to the unlawful acts of discrimination and harassment.

45. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights protecting a person from discrimination due to his age. The discrimination based on Age constitutes unlawful discrimination.

46. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

47. Defendant L.P. EVANS MOTORS is subject to vicarious liability for the actions of its agents because it failed to take adequate remedial measures to halt the discrimination, harassment, and retaliation to which Plaintiff was subjected to despite Defendant's knowledge that such discrimination, harassment, and retaliation was occurring.

48. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff ARMANDO RAMIREZ respectfully requests that this court order the following:

A. Grant a permanent injunction enjoining Defendant L.P. EVANS MOTORS its officers, successors, assignees, and all persons in active concert or participation

with it, from engaging in any employment practice which discriminates based on Age.

B. Reinstate Plaintiff to the same position he held before the retaliatory personnel action, or to an equivalent position.

C. Reinstate full fringe benefits and seniority rights to Plaintiff.

D. Order Defendant L.P. EVANS MOTORS to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest and other remuneration for mental pain, anguish, pain and humiliation from employment termination due to his age.

E. For a money judgment representing prejudgment interest.

F. Award any other compensation allowed by law including attorney's fees and further demands a trial by jury on all issues so triable.

## JURY TRIAL DEMAND

Plaintiff ARMANDO RAMIREZ demands a trial by jury on all issues triable as of right by a jury.

## COUNT II:
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992 CHAPTER 760: DISCRIMINATION BASED ON AGE

49. Plaintiff ARMANDO RAMIREZ re-adopts every factual allegation as stated in paragraphs 1-30 above as if set out in full herein.

50. Plaintiff is a member of a protected class under Title VII, and the Florida Civil Rights Act because of his Age, within the meaning of the Florida Civil Rights Act.

51. Defendant L.P. EVANS MOTORS employed Plaintiff ARMANDO RAMIREZ as a Service Porter form on or about December 16, 1993, to February 16, 20116, or more than 22 years.

52. At all times material hereto, the Employer/Defendant L.P. EVANS MOTORS failed to comply with the Florida Civil Rights Act of 1992 [Florida Statutes Section 760.10] which states:

    *"It is an unlawful employment practice for an employer: To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status.*

53. The discrimination and termination of Plaintiff ARMANDO RAMIREZ by Defendant was based on Plaintiff being 80 years old.

54. The Discrimination and Harassment of Plaintiff ARMANDO RAMIREZ by Defendant L.P. EVANS MOTORS was caused by Defendant being aware of Plaintiff's Age.

55. Plaintiff was harassed and discriminated because of his Age, he suffered discriminatory treatment and finally he was terminated

56. At all relevant times, including the time of the employment termination of Plaintiff, Defendant, was aware that Plaintiff was 80 years old.

57. At the time of Defendant's termination of his employment, Plaintiff did perform and excel at the performance of the essential functions of his position.

58. The Plaintiff was well qualified for the position.

59. Plaintiff was fired by Defendant and Plaintiff's termination of employment was directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because of his Age, in violation of Florida Statute Section 760.

60. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

61. Any alleged nondiscriminatory reason for this treatment of Plaintiff asserted by Defendant is a mere pretext for the actual reason for terminating employment, his Age.

62. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights pursuant to Florida Statute Section 760, protecting a person from discrimination because of Race, Color, Religion, Sex, National Origin, Age, Handicap, or Marital status.

63. The actions of Defendant were done wantonly, willfully, maliciously and with reckless disregard of the consequences of such actions.

64. Defendant L.P. EVANS MOTORS is subject to vicarious liability for the actions of its agents because it failed to take adequate remedial measures to halt the Discrimination, Harassment to which Plaintiff was subjected to despite Defendant's knowledge that such discrimination, and harassment, was occurring.

65. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff ARMANDO RAMIREZ respectfully requests that this court order the following:

A. Grant a permanent injunction enjoining Defendant L.P. EVANS MOTORS, its officers, successors, assignees, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates based on Age.

B. Reinstate Plaintiff to the same position he held before the retaliatory personnel action, or to an equivalent position.

C. Reinstate full fringe benefits and seniority rights to Plaintiff.

D. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest and other remuneration for mental pain, anguish, pain and humiliation from employment termination due to his Age.

E. For a money judgment representing prejudgment interest.

F. Award any other compensation allowed by law including punitive damages, attorney's fees (448.104) and further demands a trial by jury on all issues so triable.

## JURY TRIAL DEMAND

Plaintiff ARMANDO RAMIREZ demands a trial by jury on all issues triable as of right by a jury.

Dated: June 7, 2019

        Respectfully submitted,

        By: __/s/ Zandro E. Palma_____
        ZANDRO E. PALMA, P.A.
        Florida Bar No.: 0024031
        9100 S. Dadeland Blvd.
        Suite 1500
        Miami, FL 33156
        Telephone: (305) 446-1500

        Facsimile: (305) 446-1502
        zep@thepalmalawgroup.com
        *Attorney for Plaintiff*